# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL KUMARAN VETHODY, et al., Plaintiffs, v. NATIONAL DEFAULT SERVICING CORPORATION, et al., Defendants. | Case No.16-cv-04713-HRL **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CLAIMS FIVE AND SIX OF THE FIRST AMENDED COMPLAINT** Re: Dkt. No. 68 |

Plaintiffs Sunil Kumaran Vethody and Bindu Baburajan Vethody have filed a First Amended Complaint ("FAC") against Defendants Select Portfolio Servicing, Inc. and National Default Servicing Corp. Dkt. No. 52. Defendants now move to dismiss the fifth and sixth claims of the FAC, which allege violations of 12 C.F.R. Section 1024.41(b) and negligence, respectively. Dkt. No. 68. Each party has consented to magistrate judge jurisdiction. Dkt. Nos. 8, 9. For the reasons described below, the court grants the motion to dismiss as to both claims.

## BACKGROUND

The two claims at issue in the present motion both involve Defendants' handling of Plaintiffs' mortgage loan modification application. Plaintiffs assert they submitted "all information and documents needed for the application" in May 2016. Dkt. No 52, ¶ 19. In the following months, Defendants allegedly sent Plaintiffs multiple requests for pay stubs and profit-and-loss statements, even though Plaintiffs provided the latter and explained that the former did not apply to their finances. *Id.*, ¶¶ 21-27. Plaintiffs were ultimately informed that their application was complete. *Id.*, ¶ 28. But after Plaintiffs received this assurance, Defendants recorded a Notice of Trustee's Sale and again requested pay stubs and profit-and-loss statements. *Id.*, ¶¶ 29-34. Plaintiffs argue that their property is in active foreclosure and that they have

1  suffered "loss of money, expenditure of attorneys' fees, [and] severe emotional distress" as a result
2  of Defendants' conduct. *Id.*, ¶ 82.

3  Plaintiffs filed the initial complaint in this action in August 2016. Dkt. No. 1. They
4  alleged claims for negligence and violations of California Civil Code Sections 2923.6, 2924.12,
5  and 2923.7, and of 12 C.F.R. Section 1024.41(g). *Id.* The court granted Defendants' first motion
6  to dismiss as to the negligence and Section 1024.41(g) claims and granted Plaintiffs leave to
7  amend and to assert a new claim under 12 C.F.R. Section 1024.41(b). Dkt. No. 32.

8  Plaintiffs filed a FAC in February 2017. Dkt. No. 52. The FAC's factual allegations are
9  substantially the same as those in the initial complaint. *Id.* Plaintiffs added a claim for violation
10 of 12 C.F.R. Section 1024.41(b) and amended the claim for negligence. *Id.*

11 Defendants now move to dismiss the claims for violation of Section 1024.41(b) and for
12 negligence. Dkt. No. 68. Defendants argue that the Section 1024.41(b) claim fails because
13 Plaintiffs do not allege actual damages resulting from the alleged violations of the Real Estate
14 Settlement Procedures Act ("RESPA"). Defendants challenge the negligence claim on the
15 grounds that (1) they do not owe Plaintiffs a duty of care and (2) Plaintiffs have failed to allege
16 damages caused by Defendants' accused conduct.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints that merely recite the elements of a claim are insufficient. *Id.* In considering a motion to dismiss, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## DISCUSSION

### 1. 12 C.F.R. Section 1024.41(b).

Section 1024.41(b) states that "[a] servicer shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application." 12 C.F.R. § 1024.41(b)(1). Borrowers may enforce Section 1024.41 pursuant to the provisions of Section 6(f) of RESPA, 12 U.S.C. § 2605(f). 12 C.F.R. § 1024.41(a).

Although section 2605(f) does not explicitly set a pleading standard, "a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." *Allen v. United Fin. Mortg. Grp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009). To state a claim under RESPA, plaintiffs must allege actual damages "as a result of"—that is, causally related to—defendants' failure to comply with the statute or its associated regulations. *Soriano v. Countrywide Home Loans, Inc.*, No. 09-CV-02415-LHK, 2011 WL 1362077 (N.D. Cal. Apr. 11, 2011). "Allegations made under a separate cause of action are insufficient to sustain a RESPA claim for actual damages as they are not a direct result of the failure to comply." *Id.*, at *6.

Here, Plaintiffs allege that "[a]s a result" of Defendants' lack of diligence in the application review process, they suffered the "active foreclosure of their property, which necessitate[d] the filing of this lawsuit . . . and costs to save their home." Dkt. No. 52, ¶ 69. To the extent that "costs to save their home" relate to the costs of filing of this lawsuit, such expenses are not sufficient to plead actual damages under RESPA. *Soriano*, 2011 WL 1362077, at *6. To the extent that these costs refer to other expenses, the allegation as currently plead is conclusory. As for the active foreclosure of the property, Plaintiffs have not alleged the loss of their house or any actual losses related to the active and ongoing foreclosure. As such, Plaintiffs have not shown any actual damages suffered as a result of the RESPA violation.

Plaintiffs allege emotional distress as a source of damages related to their negligence claim.[1] Since the case law is clear that Plaintiffs must prove that the damages suffered are caused

---

[1] Though there is a split in authority in the Northern District as to whether emotional distress satisfies RESPA's "actual damages" requirement, the court finds the cases accepting emotional distress as a form of actual damages more persuasive. *Phillips v. Bank of Am. Corp.*, No. 5:10-cv-04561 EJD, 2011 WL 4844274 (N.D. Cal. Oct. 11, 2011) (explaining that the Ninth Circuit has not decided this issue and that district courts are split); *see Houston v. U.S. Bank Home Mortg. Wisconsin Servicing*, 505 F. App'x 543, 548 n.6 (6th Cir. 2012) ("We find nothing in the text of § 2605(f), or in RESPA more broadly, to preclude 'actual damages' from including emotional

3

by the RESPA violation, damages listed under the negligence claim are not sufficient.

As Plaintiffs fail to plead actual damages caused by the RESPA violation, their Section 1024.41(b) claim fails, and the court grants Defendants' motion to dismiss as to this claim. As Plaintiffs may be able to allege actual damages, the court grants Plaintiffs leave to amend.

**2. Negligence.**

Defendants argue that Plaintiffs' negligence claim fails because Defendants do not owe Plaintiffs a duty of care. Defendants further assert that Plaintiffs cannot rely on negligence per se to establish a duty where one does not exist. Finally, Defendants argue that Plaintiffs have not alleged injury or harm caused by Defendants' purported negligent conduct. Plaintiffs respond that Defendants owe a duty of care under the common law, that Section 12 C.F.R. 1024.40 establishes a duty of care, and that Plaintiffs have plead actual harm.

In the order on Defendants' first motion to dismiss, the court concluded that the facts alleged by Plaintiffs did not support a common-law duty of care. Plaintiffs have not plead any additional facts or demonstrated any changes in the law, so the court adheres to its prior conclusion that no common-law duty of care exists here.

Plaintiffs have, however, amended their negligence claim to allege duty based on a theory of negligence per se. Plaintiffs' theory relies on 12 U.S.C. Section 2605(k), which requires that loan servicers comply with regulations passed by the Bureau of Consumer Financial Protection, and 12 C.F.R. Section 1024.40(b), which requires that servicers maintain policies and procedures to ensure they can provide borrowers with accurate information regarding loan modification applications.

The doctrine of negligence per se is codified in California Evidence Code Section 669. *Hutchins v. Nationstar Mortg. LLC*, No. 16-cv-7067-PJH, 2017 WL 2021363, *3 (N.D. Cal. May 12, 2017). Section 669 establishes a presumption of negligence if (1) a person has violated a

---

damages, provided that they are adequately proven."); *McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010) (suggesting that emotional distress satisfies the actual damages requirement, as long as the party proves causation); *but see Ramanujam v. Reunion Mortg., Inc.*, No. 5:09-cv-03030-JF, 2011 U.S. Dist. LEXIS 10672 (N.D. Cal. Feb. 3, 2011) ("[E]motional and mental distress are not pecuniary damages that can support a claim under RESPA.").

4

statute or regulation, (2) the violation harmed a person or property, (3) the injury is of the sort the statute or regulation was intended to prevent, and (4) the person harmed belonged to the class of persons the statute or regulation was designed to protect. Cal. Evid. Code § 669. The presumption of negligence created by Section 669, however, "concerns the *standard* of care, rather than the *duty* of care." *Rice v. Center Point, Inc.*, 154 Cal. App. 4th 949, 958 (2007) (quoting *Rosales v. City of Los Angeles*, 82 Cal. App. 4th 419, 430 (2000)). The doctrine does not independently generate a duty of care where neither the courts nor the Legislature has created one. *Rosales*, 82 Cal. App. 4th at 430.

As discussed above, the court has not identified a common-law duty of care here. Additionally, the parties have not cited any case concluding that Section 2605(k) or 1024.40(b) creates a duty. As a result, the court is not persuaded that Plaintiffs have alleged the existence of a duty of care, and their negligence claim must fail. *See Peay v. Midland Mortg. Co.*, No. Civ. 09-2228 WBS KJM, 2010 WL 476677, at *3 (E.D. Cal., Feb. 3, 2010); *Mendoza v. Countrywide Home Loans, Inc.*, No. C-09-3648 SC, 2009 WL 4706350, at *3 (N.D. Cal. Dec. 3, 2009); *Sheperd v. Am. Home Mortg. Servs. Inc.*, No. Civ. 2:09-1916 WBS GGH, 2009 WL 4505925, at *3, n.1 (E.D. Cal. Nov. 20, 2009).

As amendment of the negligence claim would be futile, the court dismisses this claim without leave to amend.

## CONCLUSION

Defendants' motion to dismiss is granted and the court dismisses the fifth and sixth claims of the FAC. Plaintiffs may file a Second Amended Complaint containing an amended Section 1024.41(b) claim within thirty days of the date of this order. Plaintiffs shall not add any additional claims without first seeking leave of the court.

**IT IS SO ORDERED.**

Dated: 8/4/2017

HOWARD R. LLOYD
United States Magistrate Judge